UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARAH K. ROCHFORD, </br></br>Plaintiff, </br></br>v. </br></br>STATE COLLECTION SERVICES, INC., </br></br>Defendant. | CIVIL ACTION </br></br>COMPLAINT 1:22-cv-01806 </br></br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** SARAH K. ROCHFORD ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, STATE COLLECTION SERVICES, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resided in the Northern District of Illinois and Defendant conducted business in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

**PARTIES**

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a collection agency located at 600 Henry Ave #21, Beloit, Wisconsin 53511.

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as its principal business purpose is the collection of defaulted debts owed to others.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSE OF ACTION**

8. Prior to the events giving rise to this action, Plaintiff received medical services from Advocate Health Care resulting in an alleged balanced owed ("Advocate") ("subject debt").

9. Specifically, Plaintiff received a regular routine physical and some minor lab testing.

10. Sometime thereafter, Plaintiff received notice that the balance for the services received by Advocate were $1,474.

11. Right away, Plaintiff believed that the balance was incorrect as her insurance typically covered a majority of the costs associated with a routine physical.

12. Concerned with the balance of the subject debt, Plaintiff contacted Advocate in November 2021 to gather more information.

13. After weeks of back and forth conversations, Advocate finally acknowledged in an email sent to Plaintiff on February 11, 2022 that the alleged subject debt was incorrect due to a clerical error detailing the wrong service code.

14. Plaintiff was relieved that Advocate recognized their error and promised to correct the error to reflect the proper billing amount.

15. Unfortunately, Advocate failed to correct its error but instead sent the balance of the subject debt to collections after no payments had been made.

16. Sometime thereafter, Defendant obtained the rights to collect the subject debt for $1,474.

17. On March 17, 2022, Defendant mailed a letter to Plaintiff attempting to collect the full balance of the subject despite Plaintiff not owing such amount ("Defendant's letter").

18. Initially, Plaintiff was confused by Defendant's letter as she was told by Advocate that the balance alleged in Defendant's letter was not actually owed by Plaintiff.

19. Plaintiff felt extremely worried that there could be negative consequences if she did not pay the debt, even though she knew she did not owe the alleged debt.

20. Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences.

21. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

**COUNT I – DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

24. The subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

25. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is to collect defaulted debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

26. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects defaulted debts owed or asserted to be owed or due to another.

27. Defendant used the mail to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

28. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), f, and f(1) through its unlawful collection practices. .

    a. **Violations of FDCPA §1692e**

29. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the subject debt. The subject debt was not owed at the time Defendant demanded payment from Plaintiff as the subject debt is not owed by Plaintiff since Advocate acknowledged its error in February 2022.

30. Defendant acted wrongfully when it continued to collect on addition funds thereafter knowing the Plaintiff was no longer responsible for any amount owed on subject debt.

31. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. Defendant attempted to collect the subject debt from Plaintiff despite Plaintiff no longer owing the subject debt. After Advocate confirmed the subject

4

debt was billed in error, Defendant knew Plaintiff did not have any legal obligation to pay the subject debt. Despite having actual knowledge of error, Defendant bombarded Plaintiff to attempt to dragoon Plaintiff into paying a debt that was not owed.

32. Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure additional payments of the subject debt, Defendant willingly ignored the fact that Advocate failed to bill Plaintiff correctly, so Defendant can collect on additional funds not owed.

33. As pled above, Plaintiff did not owe the alleged subject debt due to an error caused by Advocate. Defendant knew or should have known that repercussions for collection on a debt not owed.

    **b.**    **Violation of FDCPA §1692f**

34. Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. The subject debt was no longer owed at the time Defendant demanded payment, but Defendant bombarded Plaintiff with collection efforts anyway in hopes that Plaintiff would make a payment.

35. Defendant violated §1692f(1) by attempting to collect the subject debt from Plaintiff when she no longer owed the subject debt as Advocate admitted the subject debt was billed in error. By operation of law, Defendant did not have a legal right to collect a debt not legally owed at the time Defendant requested additional payment.

36. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was not owed at the time it made demands for payment.

37. Upon information and belief, Defendant has no system in place to identify and cease collection of debts not owed.

5

38. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff SARAH K. ROCHFORD requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: April 7, 2022              Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com